HEATHER E. WILLIAMS, SBN 122664
Federal Defender
CHRISTINA SINHA, SBN 278893
Assistant Federal Defender
Designated Counsel for Service
801 I Street, Third Floor
Sacramento, CA 95814
T: (916) 498-5700
F: (916) 498-5710

Attorneys for Defendant
PARIS PETERS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PARIS PETERS,<br><br>Defendant. | Case No. 2:25-CR-79-TLN<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>Date:   May 1, 2025<br>Time:  9:30 A.M.<br>Judge: Hon. Troy L. Nunley, Chief District Judge |

IT IS HEREBY STIPULATED and agreed by and between Acting United States Attorney Michele Beckwith, through Assistant United States Attorney Justin Lee, counsel for Plaintiff; and Federal Defender Heather Williams, through Assistant Federal Defender Christina Sinha, counsel for Mr. Peters, that the status conference, currently set for May 01, 2025, may be continued to May 22, 2025 with time between the dates excluded, as detailed below. The parties stipulate as follows:

1. Mr. Peters has two cases before this Court, to wit, 2:23-CR-41-TLN (a supervised release matter stemming from a conviction in District of Rhode Island case 1:15-cr-00117-MRD-PAS-2) and 2:25-CR-79-TLN.

2. In the former case, supervision jurisdiction was transferred to the Eastern District of California in 2023. Dkt. 1. On December 30, 2024, a 12C petition was filed against Mr. Peters in this district, followed by a superseding petition on February 13, 2025. Dkt. 3, 10. On February 25, 2025, the Court held an admit/deny hearing,

1         during which Mr. Peters admitted to charges 3, 4, and 5. Dkt. 13.

2    3.    Charge 5 alleged a new law violation, specifically, constructive possession of ammunition. This conduct was the basis for the new case that was filed against Mr. Peters (2:25-CR-79-TLN), charging him with violating 18 U.S.C. § 922(g)(1) (felon in possession of ammunition). Dkt. 13, 15 (notice of related case); *see also* 2:25-CR-79-TLN at dkt. 1 (indictment, filed March 27, 2025). He was arraigned on the latter case on April 7, 2025, and a status conference is set for May 01, 2025. *Id*.

4.    At the defense's request, this matter was set for an early status conference because the defense anticipated being able to request that status to be converted to a change of plea hearing. The defense still plans on going forward with a change of plea but has run into complications due to Mr. Peters' medical condition. The parties litigated his release on medical grounds and the defense filed a new motion for bail review on April 28, 2025. *See* 2:25-CR-79-TLN dkt. 10, 11, 14, 15; *see also* 2:23-CR-41-TLN dkt. 25, 26.

5.    Defense counsel represents that she requires additional time to review the discovery, investigate the case, conduct pretrial litigation, consult with her client, explore potential resolutions, and otherwise prepare for trial. She believes that failure to grant the requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6.    The government does not object to the continuance.

7.    Therefore, the parties stipulate that the ends of justice served by granting the continuance outweighs the best interest of the public and Mr. Peters in a speedy trial, and respectfully request the Court so to find. For the purpose of computing time under 18 U.S.C. § 3161 *et seq.* (the Speedy Trial Act), the parties request that the time period between May 01, 2025 and May 22, 2025 (inclusive) be deemed

excludable pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) (Local Code T4), because it would result from a continuance granted by the Court at the defense's request, based on a finding that the ends of justice served by granting the continuance outweighs the best interest of the public and Mr. Peters in a speedy trial.

8. Should the defense be prepared to proceed with a change of plea sooner than anticipated, the defense (after consulting with the government) will request to advance the date.

9. The defense will file a separate memorandum requesting the supervised release matter to trail behind the instant case.

The parties therefore respectfully request this Court to adopt the parties' stipulation as its Order.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: April 29, 2025

/s/ Christina Sinha
CHRISTINA SINHA
Assistant Federal Defender
Attorneys for Defendant
PARIS PETERS

Date: April 29, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ Justin Lee
JUSTIN LEE
Assistant United States Attorney
Attorneys for Plaintiff

Stipulation and Order to Continue Status
Conference and Exclude Time                    -3-                    *United States v. Peters*,
                                                                      25-CR-79

**O R D E R**

The Court, having received and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order.

IT IS SO ORDERED.

Dated: April 29, 2025

_____
Troy L. Nunley
Chief United States District Judge