UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PARIS PETERS,

Defendant.

Nos. 2:23-cr-00041-TLN, 2:25-cr-00079-TLN

**ORDER**

This matter is before the Court on Defendant Paris Peters's ("Defendant") Emergency Motion for a Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), made in both of his cases before this Court. *United States v. Peters*, Case Nos. 2:23-cr-00041-TLN (ECF No. 44), 2:25-cr-00079-TLN (ECF No. 45). The Government filed oppositions. Case Nos. 2:23-cr-00041-TLN (ECF No. 48), 2:25-cr-00079-TLN (ECF No. 48). Defendant filed replies. Case Nos. 2:23-cr-00041-TLN (ECF No. 50), 2:25-cr-00079-TLN (ECF No. 50). For the reasons set forth below, the Court DENIES Defendant's Motion.[1] Case Nos. 2:23-cr-00041-TLN (ECF No. 44), 2:25-cr-00079-TLN (ECF No. 45).

---

[1]    The Court considers Defendant's Motion for a Reduction in Sentence, submitted in each of his two cases, as one motion. Case Nos. 2:23-cr-00041-TLN (ECF No. 44), 2:25-cr-00079-TLN (ECF No. 45). The motion, opposition, and reply briefs filed in both cases are nearly identical and concern the same request for relief.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2018, Defendant was convicted of conspiracy to sex traffic a child, sex trafficking of a child, and transportation of a minor with intent to engage in criminal sexual activity in the District of Rhode Island.  Case No. 2:23-cr-00041-TLN (ECF No. 2 at 9).  Defendant was sentenced to a 96-month term of imprisonment, followed by a 5-year term of supervised release.  (*Id.* at 10–11.)  Defendant was released from custody on August 19, 2022, and his supervision was transferred to the Eastern District of California on February 15, 2023.  (*Id.* at 2); Case No. 2:23-cr-00041-TLN (ECF No. 9).

A petition for violation of supervised release was filed on December 30, 2024, and Defendant was arrested on February 7, 2025.  Case No. 2:23-cr-00041-TLN (ECF No. 3; ECF No. 9 at 4.)  On February 11, 2025, a superseding petition was filed alleging five charges: (1) prohibited contact with minor(s), (2) unauthorized travel, (3) unauthorized possession of a cell phone, (4) unlawful possession of a firearm, and (5) new law violation concerning possession of ammunition.  Case No. 2:23-cr-00041-TLN (ECF No. 9 at 2–3.)  On March 27, 2025, Defendant was indicted on one charge for felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  Case No. 2:25-cr-00079-TLN (ECF No. 1.)  Defendant pleaded guilty to the single charge of the indictment and charges 3 through 5 of the superseding petition.  Case Nos. 2:23-cr-00041-TLN (ECF No. 13), 2:25-cr-00079-TLN (ECF No. 40).

Prior to sentencing, on May 6, 2025, the Court granted Defendant temporary release for the sole purpose of obtaining medical treatment.  Case Nos. 2:23-cr-00041-TLN (ECF Nos. 31-35), 2:25-cr-00079-TLN (ECF Nos. 24, 26-29).  On May 15, 2024, a pretrial release violation petition was filed alleging Defendant had contact with an unauthorized individual in violation of the conditions of his temporary release.  Case No. 2:25-cr-00079-TLN (ECF No. 34.)  The Court revoked its temporary release order.  Case Nos. 2:23-cr-00041-TLN (ECF No. 40), 2:25-cr-00079-TLN (ECF No. 37.)

On May 22, 2025, the Court sentenced Defendant to a 15-month term of imprisonment for the felon-in-possession charge and a consecutive 18-month term of imprisonment for the supervised release violations.  Case Nos. 2:23-cr-00041-TLN (ECF No. 43), 2:25-cr-00079-TLN

(ECF No. 41).  The Court also ordered Defendant to serve a 180-month term of supervised release following his release from imprisonment.  Case No. 2:23-cr-00041-TLN (ECF No. 43 at 3).

Defendant is currently serving his 33-month sentence at the BOP Federal Medical Center in Butner, North Carolina.  Case No. 2:23-cr-00041-TLN (ECF No. 44 at 1).  His projected release date is June 14, 2027, based on Good Conduct Time.  (*Id.* at 32.)  As of the date of this Order, Defendant has served approximately 11 months of his 33-month sentence.

On December 8, 2025, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Case Nos. 2:23-cr-00041-TLN (ECF No. 44), 2:25-cr-00079-TLN (ECF No. 45).  Defendant seeks immediate compassionate release on the basis that he has cancer and was determined to be terminally ill on July 18, 2025, and his request for compassionate release to the Warden of FMC-Butner has been pending with the Bureau of Prisons ("BOP") for over 30 days.  Case No. 2:23-cr-00041-TLN (ECF No. 44 at 1, 11.) Defendant is diagnosed with "Stage IV Non Small Cell Lung cancer, + ALK mutation."  Case No. 2:23-cr-00041-TLN (ECF No. 53 [sealed]).

## II.    ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see *Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule whereby a district court may reduce a defendant's sentence if the following conditions are met: "(1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

### A.    Exhaustion

As an initial matter, it is undisputed that Defendant has met the threshold exhaustion requirement.  Case No. 2:23-cr-00041-TLN (ECF No. 48 at 2–3.)  Defendant made his request to

the Warden of FCM-Butner on July 16, 2025.  (*Id.* at 2.)  The request is still pending.  (*Id.*)  Because more than 30 days have elapsed since receipt of his request, Defendant has exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).

### B.    Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's guidelines on compassionate release identify medical conditions that satisfy the "extraordinary and compelling" requirement.[2]  U.S.S.G. § 1B1.13(b)(1).  The "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*  The "extraordinary and compelling" requirement may also be met where defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  *Id.*

Here, it is undisputed Defendant is suffering from a terminal illness, Stage IV Non Small Cell lung cancer + ALK mutation.  Case No. 2:23-cr-00041-TLN (ECF No. 44 at 10.)  Defendant's medical provider confirmed that he meets the terminal medical criteria on July 18, 2025.  (*Id.* at 11.)  While the current version of U.S.S.G. § 1B1.13(b)(1) states that "[a] specific

---

[2]    The Ninth Circuit has not confirmed whether the current version of U.S.S.G. § 1B1.13, amended November 1, 2023, is binding.  *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (explaining that the "[t]he Sentencing Commission's statements in [the prior version of] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.")  The Court therefore relies on the current version of U.S.S.G. § 1B1.13 as persuasive, if not binding, authority.  *See United States v. Singh*, No. 2:13-CR-00084-TLN-CSK, 2025 WL 1808413, at *2 (E.D. Cal. July 1, 2025) (discussing amendment).

prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required," the Court notes it would have been helpful in guiding the Court's decision to have more information about Defendant's diagnosis beyond it being terminal.  Nonetheless, it is well documented that Defendant is suffering from a terminal illness that qualifies as an extraordinary and compelling reason for the purposes of compassionate release.

C.    Section 3553(a) Factors

While Defendant has met the threshold exhaustion requirement and has a terminal illness that qualifies as an extraordinary and compelling circumstance, the Court nevertheless finds a sentence reduction is not appropriate upon consideration of the § 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).  The first of these factors is the nature and circumstances of the offense and the history and characteristics of the defendant.  § 3553(a)(1).  Additionally, the Court must consider the need for the sentence imposed to: (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) adequately deter criminal conduct; (c) protect the public; and (d) provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  § 3553(a)(2).

Defendant solely focuses on the terminal nature of his diagnosis and the quality of medical care by the BOP as the basis for why he should be granted release.  Case No. 2:23-cr-00041-TLN (ECF No. 44 at 1–4.)  In his reply, Defendant also asserts his terminal diagnosis while in prison and his stressful and negative experiences navigating the medical care system provide adequate deterrence and protection to the public from the risk of him engaging in future criminal conduct.  Case No. 2:23-cr-00041-TLN (ECF No. 50 at 5.)  He further submits that release on time-served is the best method to assure he can access adequate medical care going forward.  (*Id.*)

In opposition, the Government argues Defendant is a danger to the community with a significant criminal history that includes multiple convictions sustained despite being on criminal justice supervision.  Case No. 2:23-cr-00041-TLN (ECF No. 48 at 4.)  The Government emphasizes Defendant's "established track record of targeting children."  (*Id.*)

5

The Court agrees with the Government and finds compassionate release is not appropriate based on the nature and circumstances of Defendant's offense as well as his history and characteristics. The Court is particularly troubled by Petitioner's violation of the magistrate judge's last temporary release order. On May 6, 2025, the magistrate judge granted Defendant's motion for bail review and ordered him temporarily released to attend medical appointments on May 13 and May 16, 2025, with strict parameters. Case No. 2:23-cr-00041-TLN (ECF No. 31.) The magistrate judge expressly admonished Defendant that if any problems arose during his temporary release, it would be revoked. Case No. 2:23-cr-00041-TLN (ECF No. 40 at 2.) On May 15, 2025, a Pretrial Release Violation Petition was filed against Defendant for violation of a condition of his temporary release on May 23, 2025. (*Id.*) Defendant's order for temporary release on May 16, 2025, was subsequently revoked. (*Id.*)

Given Defendant's betrayal of the Court's trust on day one of his prior temporary release, the Court is not convinced Defendant has been sufficiently deterred from reoffending or is inclined to follow conditions placed upon him if the Court were to grant him compassionate release. Thus, upon consideration of the § 3553(a) factors, the Court will not modify Defendant's term of imprisonment.[3]

**III.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. Case Nos. 2:23-cr-00041-TLN (ECF No. 44), 2:25-cr-00079-TLN (ECF No. 45).

IT IS SO ORDERED.

Date: June 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]    Both Defendant and the Government offer arguments related to conditions of confinement. Case Nos. 2:23-cr-00041-TLN (ECF No. 44 at 3), 2:25-cr-00079-TLN (ECF No. 45 at 3). As the motion before the Court is not the proper avenue for challenging the conditions of Defendant's confinement, the Court will not address these arguments. Additionally, while the Court commends Defendant for preparing a release plan, Case No. 2:23-cr-00041-TLN (ECF No. 44 at 6–12), as discussed above, release is not appropriate at this time.